UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ROBERT D. PIERCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-094 |
| | ) | |
| OFFICER PAT KYLE, *Pembroke Police Department*; CITY OF PEMBROKE; and JUDY COOK, *Mayor of Pembroke*, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff has paid a partial filing fee in compliance with the Court's May 3, 2010 order. (Doc. 3.) Now, plaintiff must serve defendants so that the case may proceed.

I. **EFFECTING SERVICE**

Plaintiff now has the duty of serving the defendants. He may request service by U.S. Marshal, since he has been authorized to proceed in forma pauperis. Fed. R. Civ. P. 4(c)(3); *see Nagy v. Dwyer*, 507 F.3d

161, 163-64 (2d Cir. 2007) (IFP plaintiff not entitled to *automatic* appointment of United States Marshal to effect service of summons and complaint absent affirmative request). If Pierce wants the Marshal to serve his complaint, he must submit a motion for service by Marshal that includes the names and addresses of the parties to be served, and he should attach to that motion additional service copies of his complaint,

Alternatively, Pierce may serve the individual defendants (i.e., Mayor Cook and Officer Kyle) either by (1) serving the complaint, summons, and a copy of this order upon defendants in accordance with Rule 4(h) of the Federal Rules of Civil Procedure or (2) notifying the defendants by first-class mail of the commencement of the action and requesting that they waive service of the summons in accordance with Rule 4(d).[1] As to the City of Pembroke, plaintiff must effect service pursuant to Rule 4(j), which allows service by "delivering a copy of the

---

[1] Under the first option, service "may be effected by any person who is *not a party* and who is at least 18 years of age," Rule 4(c)(2) (emphasis added), "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling or usual place of abode with some person of suitable age and discretion residing therein." Rule 4(e)(2). Under the second option, plaintiff may avoid service costs by completing Official Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and forwarding that form, a copy of the complaint and this Order, and Official Form 1B (Waiver of Service of Summons) by first-class mail to the defendant. Plaintiff may obtain a summons and/or Official Forms 1A and 1B from the Clerk of Court or from this Court's website.

summons and the complaint to [the municipality's] chief executive officer" or "serving a copy of each in the manner prescribed by" the State of Georgia.

## II. FURTHER INSTRUCTION

It is further **ORDERED** that plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading must have a caption with the court's name, a title, [and] a file number." Fed. R. Civ. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk and which fails to include a caption or a certificate of service will be disregarded by the Court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court of any change of his address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case. Local Rule 41.1.

Plaintiff is responsible for pursuing this case. For example, if plaintiff wishes to obtain facts and information about the case from defendants, he must initiate discovery. *See generally* Fed. R. Civ. P. 26, *et seq*. Plaintiff does not need the permission of the Court to begin discovery. However, under Rule 26(f), plaintiff is under a duty to confer with opposing counsel to develop a plan of discovery and must do so before seeking discovery from any source. *See* Fed. R. Civ. P. 26(d), (f). If plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

Interrogatories and requests for the production of documents provide a practical method of discovery for pro se litigants. Fed. R. Civ. P. 33, 34. Interrogatories and requests for production may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as defendants. Interrogatories and requests for production *shall not be filed with the court*. Interrogatories are not to contain more than twenty-five questions. Fed. R. Civ. P. 33(a)(1). If plaintiff wishes to propound more than twenty-five interrogatories to a party, plaintiff must have permission of the Court.

*Id.* In a request for production, plaintiff may request the opposing party to produce any designated documents for the purpose of inspection and copying. The request must set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. Fed. R. Civ. P. 34(b)(1). The request should specify a reasonable time and place (such as defendants' place of business) for making the inspection. *Id.*

Should it become necessary to file a motion to compel discovery under Fed. R. Civ. P. 37, plaintiff should first contact the attorney for defendants to try to work out the problem; if the problem cannot be resolved, plaintiff must file a statement certifying that opposing counsel has been contacted in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(1). Plaintiff has the responsibility for maintaining his or her own records of the case. If plaintiff loses papers and needs new copies, plaintiff may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page or download from the online docket through PACER.

It is the plaintiff's duty to cooperate fully in any discovery which may be initiated by the defendants. Evasive or incomplete responses to

discovery will not be tolerated and may subject plaintiff to severe sanctions, *including dismissal of this case.* Should the defendants endeavor to take plaintiff's deposition, plaintiff shall permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

### III. ADDITIONAL INSTRUCTIONS

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if plaintiff fails to respond to a motion to dismiss, the Court will assume that plaintiff does not oppose defendants' motion.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the defendants' statement of material facts will, if evidentially supported, be deemed admitted unless specifically controverted by an opposing

6

statement.  Should defendants file a motion for summary judgment, plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case.  That burden cannot be met by reliance upon the conclusory allegations contained within the complaint.  Should the defendants' motion for summary judgment be supported by affidavit(s), plaintiff must file counter-affidavits if he desires to contest defendants' statement of the facts, if the facts are evidentially supported.  Should plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in defendants' affidavits will be accepted as true and summary judgment will be entered against him pursuant to Fed. R. Civ. P. 56.

**SO ORDERED** this  16th  day of August, 2010.

/s/ Smitt
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA