UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| ROBERT D. PIERCE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV410-094 |
| ) | |
| OFFICER PAT KYLE, *Pembroke* ) | |
| *Police Department*; CITY OF ) | |
| PEMBROKE; and JODY COOK, ) | |
| *Mayor of Pembroke*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Robert D. Pierce, Jr., *pro se*, filed this civil rights case against defendants and moved for leave to proceed *in forma pauperis* on April 22, 2010. (Doc. 1 & 2.) The Court ordered him to pay a $100 partial filing fee, and he complied on May 12, 2010. (Docs. 3 & 4.) On August 16, 2010, the Court entered an order of instructions, advising plaintiff that it was his duty to serve defendants and that he must either do so himself or elect to proceed with service by U.S. Marshal. (Doc. 5.) According to the docketing receipt, the order was immediately mailed to

his address of record, 920 West 37th Street, Savannah, GA 31415. Nearly five months passed with no docket activity. On January 6, 2011, the Court ordered Pierce to show cause why his case should not be dismissed for failure to perfect service within the 120 days that Fed. R. Civ. P. 4(m) commands. (Doc. 6.) He responded on January 14. (Doc. 7.) He states that he never received the order of instructions, he had no means to travel to the courthouse to check the status of his case, and he will correct the service error with all due haste.[1] (*Id.* at 2-9.) Plaintiff admits, however, that he "had knowledge of Fed. R. Civ. P. Rule 4." (*Id.* at 2.)

A plaintiff must serve process on a defendant "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). If he fails to do so, "the court -- on motion or on its own after notice to the defendant -- must dismiss the action without prejudice against the defendant or order that service be made within a specified time." *Id.* However, "[i]f the plaintiff shows good cause for the failure [to serve within 120 days of filing a complaint], the court must extend the time for service for an appropriate period." *Id.*

---

[1] Additionally, he no longer wishes to proceed *in forma pauperis* and has paid the remainder of the Court's filing fee. (*Id.* at 9; doc. 8 ($250 filing fee received).)

The good-cause standard can be difficult to meet, as it "exists only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotations omitted and alteration in original). But, "[e]ven in the absence of good cause, a district court has the discretion to extend the time for service of process." *Id.*; *see also Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005) (discretion properly exercised where statute of limitations threatened claim in a relatively small delay case).

On balance, the Court is not persuaded that Pierce has shown Rule 4(m) good cause for failing to perfect service within 120 days. He admits his familiarity with Rule 4, and his admission is borne out, as he is an experienced *pro se* litigant, having filed at least seven federal lawsuits since 1996. *See Pierce v. City of Miami*, No. CV103-21675 (S.D. Fla. Aug. 16, 2005); *Pierce v. City of Miami*, No. CV102-21332 (S.D. Fla. Feb. 18, 2003); *Pierce v. Union Planters Bank, Inc.*, No. CV102-21835 (S.D. Fla. Sept. 26, 2002); *Pierce v. Goldblum*, No. CV100-4183 (S.D. Fla. Feb. 12, 2001); *Pierce v. Dependable Temps, Inc.*, No. CV199-3234 (S.D. Fla. Apr.

11, 2000); *Pierce v. Federal Construction Co.*, No. CV196-539 (S.D. Fla. May 7, 1996). Hence, he knew that the Rule 4(m) clock likely would be ticking. And assuming *arguendo* that he did not receive the Court's August 16, 2010 order of instructions, nevertheless his decision to await any further instructions was reckless.² Those instructions are not legally required, and *pro se* plaintiffs are subject to the same rules governing federal proceedings that apply to all represented litigants. *E.g., Nelson v. Barden*, 145 F. App'x 303, 311 n. 10 (11th Cir. 2005) ("[A] defendant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules."); *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) (liberal construction of the pleading requirements for *pro se* litigants does not equate with liberal deadlines), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). Moreover, plaintiff's inability to reach the courthouse is of no moment. He certainly could have called the

---

² He "admits though he was concerned that he had not received an order from the court after a period of time he was not overburdened by the idea because he is aware, sometimes courts take time." (Doc. 7 at 2.)

Clerk's office to check on the status of his case at any point between the partial payment of his filing fee on May 12, 2010 and the entry of the show cause order on January 6, 2011. He never did so.

Since Pierce's failure to serve the complaint is due to his own negligence, this case should be **DISMISSED** for failure to perfect service in accordance with Fed. R. Civ. P. 4(m). Because the limitations period appears to have passed as to all of his claims, the dismissal will operate as a dismissal with prejudice. In the interest of fairness, however, the Court should **DIRECT** the Clerk to refund Pierce the $250 that he just paid.

**SO REPORTED AND RECOMMENDED** this __20th__ day of January, 2011.

/s/ _____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA