

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA 2011 APR -5 PM 5: 12
SAVANNAH DIVISION

| | |
|---|---|
| ROBERT D. PIERCE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. CV410-094 |
| ) | |
| OFFICER PAT KYLE, Pembroke ) | |
| Police Department; CITY OF ) | |
| PEMBROKE; and JUDY COOK, Mayor ) | |
| of Pembroke; ) | |
| ) | |
| Defendants. ) | |
| ) | |

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 9), to which objections have been filed (Docs. 11-12). For the reasons that follow, however, the Court finds Plaintiff's objections to be without merit. After a careful de novo review, the Court concurs with the Magistrate Judge's Report and Recommendation, which is **ADOPTED** as the order of this Court. Plaintiff's Complaint is **DISMISSED**, and the Clerk of Court is **DIRECTED** to close this case.

In his objections, Plaintiff argues that the 120 day period under Fed. R. Civ. P. 4(m) should commence from the date a summons is issued. Unfortunately, Plaintiff misunderstands the cases he cites.[1] The relevant Federal Rule of Civil Procedure

---

[1] The Court also notes that the relevant citations are to cases outside the Eleventh Circuit and are, therefore, not binding on this Court.

provides that "[i]f a defendant is not served within 120 days <u>after the complaint is filed</u>, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." <u>Id.</u> (emphasis added). Further, the relevant Local Rule of this district provides that

> [t]he Clerk shall file a civil action only upon the presentation of: (a) the original complaint and the appropriate filing fee, or the original complaint and an In Forma Pauperis (IFP) petition (unless plaintiff has already been granted leave to proceed IFP under 28 U.S.C. § 1915 or an IFP petition has already been filed and is still pending); (b) a completed summons where service is to be effected (no summons is required where waiver of service is to be utilized); (c) copies for each defendant and the assigned Judge; and (d) a completed civil action cover sheet (Form JS-44). If any of the requirements listed in (a)-(d) is lacking, but a complaint has been presented, the Clerk shall mark the complaint as to the date filed and promptly give notice of the omission to the filing party. Failure to comply within twenty-one (21) calendar days of the date that notice is served by the Clerk may result in dismissal by the Court.

S.D. Ga. L.R. 4.1(1). In contrast to the case cited by Plaintiff, the local rules provide that a case is to be filed upon receipt of some, but preferably all, of the documents listed in this local rule subject to dismissal by the Court for failure to cure deficiencies. <u>C.f.</u> <u>Robinson v. Am.'s Best Contacts & Eyeglasses</u>, 876 F.2d 596, 598 (7th Cir. 1989). Therefore, the responsibility for effectuating service, including securing the issuance of a summons or utilizing the alternative waiver of service procedure, rested solely on

2

Plaintiff. The Clerk of Court filed Plaintiff's complaint upon receipt, regardless of his in forma pauperis petition or status. Contrary to Plaintiff's objections, the Clerk of Court is not to blame for his violation of Fed. R. Civ. P. 4(m).

SO ORDERED this 5th day of April 2011.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA